UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SALVADOR and KAREN TARANTINO,  No. 10-14430

                Debtor(s).
_____/

Memorandum on Motion for Relief From Stay
_____

       Debtors Salvador and Karen Tarantino filed their Chapter 7 petition on November 18, 2010. At that time, there was litigation pending against them in the United States District Court. February 22, 2011, was fixed as the last day to file objections to discharge or complaints to determine the dischargeability of certain debts. On that day, Church Brothers, LLC, a co-defendant in the district court case, filed a motion for relief from the automatic stay to continue the litigation in district court.

       Hidden deep within the motion was the following sentence: "If and only if the Court denies the motion for relief from stay, Church Brothers objects to the discharge requested by Tarantino, and requests leave to open an adversary proceeding in the bankruptcy court to pursue its counterclaim against Tarantino."

       The motion reflects a deep misunderstanding of bankruptcy law and procedure. Granting relief to continue litigation in another court only changes where a trial is heard; it does not waive the requirement for a timely objection to discharge (governed by Rule 4004 of the Federal Rules of Bankruptcy Procedure) or dischargeability complaint (governed by Rule 4007). The time limits for

1

those actions apply whether or not leave is granted to hold a trial in another court.

     Having failed to bring either action in a timely manner, Church Brothers' ability to bring any action against the Tarantinos anywhere now hangs on the slender thread of hope that this court can and will interpret Church Brothers' conditional request in its stay relief motion as a motion for extension of time under Rules 4004(b) or 4007(c). If Church Brothers takes this dubious position, it shall immediately notice a hearing on a law and motion calendar.

     There is no point allowing a trial to go forward anywhere until this court determines in a proper manner that the Church Brothers claim against the Tarantinos has not been discharged. Accordingly, the motion for relief from the automatic stay must be denied, without prejudice to renewal if and when this court determines that the trial has not been rendered moot as to the Tarantinos. Counsel for the Tarantinos shall submit an appropriate form of order.

Dated: March 28, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge